■ S A F La Sala Corp., Appellant, v S & H 88th Street Associates et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Alvin F. Klein, J.), entered September 3, 1987, which, *inter alia,* vacated and canceled an undertaking to discharge a notice of mechanic's lien filed by plaintiff and discharged defendant S & H 88th Street Associates and its surety of all liability on the undertaking, unanimously reversed, to the extent appealed from, on the law and on the facts and in the exercise of discretion, with costs and disbursements, and the lien undertaking reinstated.

It was error and a clear abuse of discretion to provide in the settled order for the cancellation of the undertaking to discharge a notice of mechanic's lien and to discharge the part-

nership defendant and its surety of any liability thereon. While the partnership defendant had earlier, on January 30, 1987, served plaintiff with a notice pursuant to Lien Law § 59 demanding that it commence an action to foreclose the lien on or before March 3, 1987 or show cause why the lien should not be vacated and canceled, the latter relief had not been sought in the subsequently served notice of motion, which asked only that the summons and complaint served on March 2, 1987 be dismissed for lack of personal jurisdiction. The section 59 notice was never mentioned in the supporting papers, or attached thereto; nor was any proof of service thereof provided, as required. Indeed, the court's decision never indicated, in any manner whatsoever, that it was even considering such relief. Thus, the moving papers were indisputably deficient insofar as giving notice that cancellation was being sought and in furnishing proof of service of the section 59 notice. Moreover, and in any event, the decision to cancel a lien undertaking pursuant to Lien Law § 59 for failure timely to commence a lien foreclosure proceeding rests with the sound discretion of the court. (See, Jackson Co. v Haven, 87 App Div 236.) In circumstances where service had been timely attempted by service upon a secretary at the partnership's law firm, whose office was specified as its principal place of business in its certificate of limited partnership, but not legally effectuated because of the failure to mail to the partnership at its last known residence (see, CPLR 308 [2]), it was an abuse of discretion to cancel the lien undertaking. It should also be noted that upon receipt of the motion papers, plaintiff reserved defendants with a summons and complaint, and issue has now been joined. No reason is suggested why plaintiff should be deprived of the security of an undertaking given to discharge its lien. Concur—Sullivan, J. P., Ross, Kassal, Rosenberger and Smith, JJ.