■ In the Matter of KUSHAQUA ESTATES, INC., Respondent, v BONDED CONCRETE, INC., et al., Appellants. [627 NYS2d 140] —Mikoll, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered June 6, 1994 in Albany County, which granted petitioner's application pursuant to Lien Law § 59 to vacate a mechanic's lien.

Petitioner constructed residential housing developments on certain real property it owned in the Village of Altamont, Albany County. On or about September 15, 1993, respondents filed mechanic's liens (hereinafter the liens) against the above-mentioned real property to secure money allegedly owed to them as subcontractors for labor and materials furnished to petitioner. On November 5, 1993, petitioner served notices demanding commencement of an action to foreclose (hereinafter the notices) on the liens on or before December 10, 1993 or to show cause why the liens should not be vacated (see, Lien Law § 59).

No action to foreclose was commenced until December 13, 1993 and on that date petitioner moved, by order to show cause, for an order discharging the liens for failure to prosecute (see, Lien Law § 19 [3]; § 59). Petitioner thereafter, with approval of Supreme Court, filed an undertaking sufficient to discharge the liens. Supreme Court vacated the liens for respondents' failure to timely commence a foreclosure action (see, Lien Law § 19 [2]; § 59). Respondents appeal.

The order of Supreme Court should be affirmed. Respondents' contention that Supreme Court wrongly interpreted Lien Law § 59 to require mandatory discharge of the liens rather than permitting the court to consider the equities of respondents' failure to timely commence a foreclosure action is not persuasive. While Lien Law § 59 affords Supreme Court the discretion to consider the equities of the situation, respondents failed to properly furnish the court with evidence sufficient to warrant a denial of petitioner's application to vacate the liens (see, S A F La Sala Corp. v S & H 88th St. Assocs., 138 AD2d 241, 242; see also, 76 NY Jur 2d, Mechanics' Liens, § 122, at 537), as was their burden (see, 3 Warren's Weed, New York Real Property, Mechanics' Liens, § 7.01 [d] [ii] [4th ed]).

Supreme Court could properly refuse to consider respondents' surreply which not only was submitted without permission from the court, but was not restricted to the issues raised in petitioner's reply affidavit and contained new factual information relating to respondents' failure to timely commence a foreclosure action before December 13, 1993 (see, CPLR 2214; Siegel, NY Prac § 246 [2d ed, 1993 supp], at 34; see also, Rosenman Colin Freund Lewis & Cohen v Edelman, 165 AD2d 533, 536). In the absence of the new matter in the surreply, respondents did not demonstrate that facts existed which would, as a matter of equity, warrant denial of petitioner's request for vacation of the liens (see, S A F La Sala Corp. v S & H 88th St. Assocs., supra, at 242; see also, 3 Warren's Weed, New York Real Property, Mechanics' Liens, § 7.01 [d] [ii] [4th ed]).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.