Matter of CMT Ind. Labs., Ltd. (2004 NY Slip Op 50426(U))

[*1]

Matter of CMT Ind. Labs., Ltd.

2004 NY Slip Op 50426(U)

Decided on May 14, 2004

Supreme Court, Albany County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 14, 2004

Supreme Court, Albany County,
In the Matter of the Application for the Cancellation of a Mechanic's Lien on Real Property at 81 Brookline Avenue, Albany, New York 12203, Claimed by CMT INDEPENDENT LABORATORIES, LTD., Doing Business as Air Quality Environmental Services, LLC, Joshua Heller and Meredith Englander.
Index No. 1026-04

CRANE, GREENE & PARENTE, Attorneys for Petitioners James Michaels and Nancy Michaels
(Peter A. Lauricella, Esq.), 90 State Street, Albany, New York 12207
KELLEHER & ASSOCIATES, Attorneys for Respondent CMT Independent Laboratories, Ltd.
(Jaime B. Thomas, Esq.), 17 British American Blvd., Latham, New York 12110

Joseph R. Cannizzaro, J.
Petitioners, James Michaels and Nancy Michaels, request an order directing that a mechanic's lien filed by respondent, CMT Independent Laboratories, Ltd., d/b/a Air Quality Environmental Services, LLC, against property known as 81 Brookline Avenue, Albany, New York 12203 (the "Brookline property"), be vacated and cancelled. Respondent opposes the petition.
On September 12, 2003, respondent duly filed the subject mechanic's lien against the Brookline property and the interests of the owners of the property, Joshua Heller and Meredith Englander. The lien indicates that it is based on materials respondent allegedly delivered to the Brookline property and services respondent allegedly contracted with petitioners to perform at the Brookline property before petitioners sold the Brookline property to Heller and Englander. On December 17, 2003, petitioners duly served a notice on respondent pursuant to Lien Law §59, demanding that respondent commence an action to foreclose on the lien. It is undisputed that respondent never commenced such an action. Petitioners contend that because respondent has failed, neglected and refused to commence an action to enforce the lien within the prescribed thirty days after service of the notice, they now seek an order vacating and cancelling the lien as a matter of record and granting them the costs and disbursements of this proceeding.
By verified answer, respondent contends as a first affirmative defense that petitioners lack standing to bring this proceeding because they do not own the property. In a second affirmative defense, respondent refers to the fact that petitioners had an agreement with respondent to pay respondent - presumably for the materials and services rendered- from the proceeds of the sale of their home, but that petitioners violated their agreement.
On reply, petitioners contend that they do have standing to commence this proceeding since they formerly owned the Brookline property and since they are the contracting party. In fact, petitioners contend that as the contracting party, they would be necessary parties if [*2]respondent had commenced an action to foreclose on the lien. In addition, petitioners contend that the lien should be cancelled because respondent has commenced a separate action against them for breach of contract based on the claim respondent asserts in its lien. See CMT Independent Laboratories, Ltd. v. James Michaels and Nancy Michaels, Index No. 20033486, (Sup. Ct., Saratoga Co., 2003).
In regards to "standing," the Court notes that it was established long ago that the right to serve notice pursuant to Lien Law §59, is not expressly limited to the owner of the property. Rather, the notice can be served by any person whose interests are affected by the lien. See In Re Weeks, 73 Misc. 242, 243 (Sup. Ct., Queens Co., 1911). In fact, it has been expressly held that a person who contracts with the lienor, but who is not the owner of the property at issue, may serve the notice and thereafter move to discharge the lien if the lienor fails to timely prosecute. See In Re Weeks, supra. Thus, even though the petitioners here are not the owners of the Brookline property, as the party who contracted with the lienor, they are entitled to serve notice pursuant to Lien Law §59, and are entitled to bring this proceeding. Id.
As for whether the lien should be discharged, the Court notes that Lien Law §59 requires the lienor, upon being duly served with notice, to commence an action to enforce the lien within thirty days from the time of service, or show cause why the lien should not be vacated and cancelled. Upon proof that service of the notice was made and that the lienor failed to commence the action to foreclose the lien, an order may be granted vacating and cancelling the lien. See Lien Law §59. The power to vacate a mechanic's lien rests in the sound discretion of the Court. Kushaqua Estates, Inc. v. Bonded Concrete, Inc., 215 A.D.2d 993 (3rd Dep't 1995); In Re Levine, 136 N.Y.S.2d 585 (Sup. Ct., Saratoga Co., 1955); In Re Weeks, supra. Whether or not the Court should do so, depends upon the circumstances of each case. Id. Ordinarily, the lien should be discharged unless some cause is shown to the contrary. In Re Weeks, supra. Sufficient cause should include a reason why the lienor has failed to prosecute. In Re Levine, supra.
Here, respondent has failed to furnish the Court with any evidence upon which the Court, in its sound discretion, could deny petitioners' application to vacate the lien. Respondent does not dispute that it failed to timely prosecute the lien and offers no excuse for such failure. Instead, the record demonstrates that respondent has another remedy which it is pursuing against petitioners in the breach of contract action, petitioners being the parties respondent should be seeking relief from instead of the owners of the Brookline property. Thus, in view of the lack of proof from respondent and the existence of the breach of contract action, there is a sufficient basis to warrant the cancellation of the lien. See Kushaqua Estates, Inc. v. Bonded Concrete, Inc., supra; In Re Levine, supra; In Re Weeks, supra.
Accordingly, the motion to vacate is granted. The Court hereby orders that the mechanic's lien dated July 28, 2003, and filed by respondent on September 12, 2003, in the Albany County Clerk's Office be vacated and cancelled. The Court denies petitioners request for the costs and disbursements of this proceeding.
This memorandum shall constitute both the decision and the order of the Court. All papers, including this decision and order, are being returned to petitioners' counsel. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.
IT IS SO ORDERED!
[*3]
Dated: May 14, 2004.JOSEPH R. CANNIZZARO,
Albany, New YorkJUSTICE, SUPREME COURT
Decision Date: May 14, 2004