█ HI-TECH BRIDGING, INC., et al., Appellants, v 125TH STREET EQUITIES, INC., Respondent. [19 NYS3d 736]—

Order, Supreme Court, New York County (George J. Silver, J.), entered May 21, 2014, which, among other things, granted defendant's motion to dismiss the second amended complaint as against it, and denied plaintiffs' cross motion for leave to file an amended complaint and a new notice of pendency, unanimously affirmed, without costs.

Plaintiffs seek to foreclose on mechanic's liens. The notice of pendency filed in this action, however, has expired, and plaintiffs did not seek to extend the notice before its expiration. An expired notice of pendency is a nullity and may not be revived (*Matter of Sakow*, 97 NY2d 436, 442 [2002]). Because the liens at issue terminated upon the expiration of the notice (*see* Lien Law § 17), the motion court correctly dismissed the complaint against defendant and correctly determined that plaintiffs' cross motion is "devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias and Saxe, JJ.

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAQUAN SMITH, Appellant. [19 NYS3d 737]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Ronald A. Zweibel, J.), rendered on or about September 20, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Sweeny, Andrias and Gische, JJ.