Matter of Pizzarotti, LLC v New York Concrete Washout Sys., Inc. (2022 NY Slip Op 06182)

Matter of Pizzarotti, LLC v New York Concrete Washout Sys., Inc.

2022 NY Slip Op 06182

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 100390/18 Appeal No. 16615 Case No. 2021-04811 

[*1]In the Matter of Pizzarotti, LLC, Petitioner-Respondent,
v
New York Concrete Washout Systems, Inc., Respondent-Appellant.

Tesser & Cohen, New York (Danielle Cohen of counsel), for appellant.
Pizzarotti, LLC, New York (Veronica Mazzoleni of counsel), for respondent.

Order, Supreme Court, New York County (Carol Edmead, J.), entered November 24, 2021, which denied respondent's motion pursuant to CPLR 5015 (a) to vacate an order, same court and Justice, entered on or about December 18, 2020, granting petitioner's application to cancel a mechanic's lien previously filed by respondent and to discharge the surety bond accompanying that lien, unanimously affirmed, with costs.
Respondent failed to demonstrate a reasonable excuse for its default (see CPLR 5015 [a] [1]; Benson Park Assoc., LLC v Herman, 73 AD3d 464, 465 [1st Dept 2010]), as it did not submit proof sufficient to support its contention that it was never served with the order to show cause (see Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964, 965 [2d Dept 2012]). Petitioner submitted an affidavit of service and documentary evidence establishing that the order to show cause was served by certified mail and delivered to an individual at respondent's address, and respondent did not proffer any evidence controverting this proof of service aside from its self-serving statements.
In view of respondent's failure to demonstrate a reasonable excuse for its default, we need not reach the question of whether respondent has asserted a meritorious defense to petitioner's application to cancel the mechanic's lien (see New Globaltex Co., Ltd. v Zhe Lin, 198 AD3d 573, 574 [1st Dept 2021]). In any event, respondent has not demonstrated a meritorious defense. Respondent maintains that it was not required to file a notice of pendency because it commenced its foreclosure action within one year of its filing of the mechanic's lien. However, under the Lien Law, respondent was required to file with its action a notice of pendency, or an extension by court order, in order to continue the lien (see Lien Law § 17; Noce v Kaufman, 2 NY2d 347, 351 [1957]; Walker v Buffalo Elec. Constr., 83 AD2d 768 [4th Dept 1981], affd 55 NY2d 843 [1982]). To the extent respondent contends that it was not possible for it to file a notice of pendency due to the lien being bonded, there was nothing preventing it from moving for a court order to extend the lien as contemplated by Lien Law § 17. Furthermore, as the motion court noted, respondent did not conclusively show that it had properly commenced the action to foreclose on its lien.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022