## 170 W. End Ave. Owners Corp. v Centennial El. Indus., Inc.

2024 NY Slip Op 33920(U)

November 5, 2024

Supreme Court, New York County

Docket Number: Index No. 160333/2023

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. KATHLEEN WATERMAN-MARSHALL** | **PART** | **09M** |
| | *Justice* | | |

-------------------------------------------------------------------------X

170 WEST END AVENUE OWNERS CORP. ON BEHALF
OF 170 WEST END AVENUE CONDOMINIUM AT
LINCOLN TOWERS

Petitioner,

- v -

CENTENNIAL ELEVATOR INDUSTRIES, INC.,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160333/2023 |
| MOTION DATE | 10/20/2023, 01/04/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 7, 20, 21, 22

were read on this motion to/for         MISCELLANEOUS      .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 29, 30

were read on this motion to/for      SUBST/RELIEVE/WITHDRAW COUNSEL   .

Petitioner 170 West End Avenue Owners Corp. ("170 West End") brings this proceeding to extinguish a mechanic's lien filed against its property located at 170 West End Avenue in Manhattan ("the Property") by Respondent Centennial Elevator Industries Inc. ("Centennial") (motion sequence 001) and for return of its surety bond.

Centennial moves to stay the proceeding following the death of its counsel, substitute new counsel, and for sufficient time to oppose the petition to vacate the lien and return the bond (motion sequence 002). 170 West End opposes, contending that because this proceeding was filed after the death of Centennial's counsel, substitution does not lie, and the Court should return 170 West End's surety bond forthwith.

## Brief Background

The facts underlying this motion are not particularly complex, but they are unfortunate. Centennial supplied and installed elevator equipment at the Property. In September 2022, Centennial, via its General Counsel, filed a lien ("the Lien") against the Property in the amount of $170,040.26 for this unpaid work (NYSCEF Doc. No. 3). Shortly thereafter, 170 West End discharged the Lien by filing a bond ("the Bond") for 110% of the Lien amount ($187,044.29) with the New York County Clerk, pursuant to Lien Law § 17 (Bond No. 35099148, NYSCEF Doc. No. 4).

**160333/2023   170 WEST END AVENUE OWNERS CORP. ON BEHALF OF 170 WEST END
AVENUE CONDOMINIUM AT LINCOLN TOWERS vs. CENTENNIAL ELEVATOR INDUSTRIES,
INC.
Motion No.  001 002**

**Page 1 of 6**

1 of 6

Shortly after filing the Lien, sometime in late 2022, Centennial contends Attorney O'Rourke took over its representation related to the Lien. No retainer agreement, however, is provided in the record. Attorney O'Rourke died on or about August 26, 2023, a few weeks prior to the expiration of the Lien. Centennial did not move to extend or foreclose the Lien pursuant to Lien Law § 17.

On October 20, 2023, approximately two months after Attorney O'Rourke's death, 170 West End filed the instant proceeding, seeking to extinguish the Lien and have the Bond returned (motion sequence 001). 170 West End personally served Centennial with its petition to extinguish the Lien, which was returnable on November 30, 2023. No attorney filed a notice of appearance on behalf of Centennial, and the petition went unopposed. On January 4, 2024, Centennial, represented by Attorney LoPresti, filed a motion (motion sequence 002) seeking to stay this matter, "substitute" LoPresti as new counsel, and for sufficient time to oppose the petition to extinguish the Lien and return the Bond.

## Centennial's Motion for a Stay and Other Relief

*A Stay of this Proceeding is not Warranted and Substitution is Unnecessary*

An attorney allegedly hired to address an issue which subsequently forms the basis for a lawsuit, but who dies before the commencement of the lawsuit, cannot be said to have "appeared" in the lawsuit sufficient to trigger a stay of proceedings under CPLR 321 (c). In pertinent part, this statute provides:

> Death, removal or disability of attorney. If an attorney dies . . . at any time before judgment, no further proceeding shall be taken in *the action* against the party *for whom he appeared*, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs. (emphasis supplied).

Attorney O'Rourke pre-deceased the filing of the instant petition. Therefore, she did not, and could not, appear in this proceeding on behalf of Centennial. Service of the petition was made personally upon Centennial, not upon Attorney O'Rourke. Indeed, the attorney for 170 West End affirms that it had no contact or communication with Attorney O'Rourke prior to the filing of the petition. Consequently, Centennial is not entitled to a stay, under CPLR 321(c), of this proceeding based upon the death of Attorney O'Rourke and the temporary stay previously granted on January 5, 2024 on Centennial's order to show cause (NYSCEF Doc. No. 18) is vacated. *A fortiori*, Attorney LoPresti's request to be substituted as counsel for Centennial in place and instead of Attorney O'Rourke, is unnecessary and denied. Attorney LoPresti is the only counsel who has filed a notice of appearance on Centennial's behalf, and is, indeed, its only counsel of record to date.

Without question, Centennial is entitled to delivery of its client file that was created and was in the possession of Attorney O'Rourke. However, Centennial does not identify any person (such as the successor to deceased Attorney O'Rourke's law firm, or the Executrix or

**160333/2023   170 WEST END AVENUE OWNERS CORP. ON BEHALF OF 170 WEST END AVENUE CONDOMINIUM AT LINCOLN TOWERS vs. CENTENNIAL ELEVATOR INDUSTRIES, INC.**
**Motion No.  001 002**

**Page 2 of 6**

2 of 6

[* 2]

Adminstratrix of her Estate) who may have access to that file. Moreover, even if the proper party were identified, this Court is without jurisdiction over such party to direct turnover of the file.

*Centennial has not Established Entitled to Vacatur of its Default*

Although Centennial did not expressly move, pursuant to CPLR 5015, to vacate its default in answering the petition, the Court deems the motion to be brought under that statute.[2] A respondent moving to vacate a default under CPLR 5015(a) must demonstrate a reasonable excuse for the default and a meritorious defense to the petition (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lumber Co.*, 67 NY2d 138, 141 [1986]; *Kassiano v Palm Mgt. Corp.*, 95 AD3d 541 [1st Dept 2012]). "The determination of whether a reasonable excuse has been offered is *sui generis* and should be based on all relevant factors" (*Chevalier v 368 E. 148th Street Assocs., LLC*, 80 AD3d 411, 413-14 [1st Dept 2011]). Among those factors are "the length of the delay chargeable to the movant, whether the opposing party has been prejudiced, whether the default was willful, and the strong public policy favoring the resolution of cases on the merits" (*id.*; *see also Mejia v Ramos*, 113 AD3d 429, 430 [1st Dept 2014]). The determination of whether an excuse is reasonable is left to the sound discretion of the Court (*SS Constantine & Helen's Romanian Orthodox Church of America v A. Zindel, Inc.*, 44 AD3d 744, 745 [2d Dept 2007]).

Centennial did not establish a reasonable excuse for its failure to appear or oppose 170 West End's petition to extinguish the Lien. Centennial's excuse that it "acted promptly" and "encountered obstacles" in seeking new representation once it learned of Attorney O'Rourke's death is conclusory and self-serving. Notably absent from the record are any details or explanations as to why, despite being personally served with the petition, Centennial failed to oppose it, seek an adjournment, or at least appear on the return date.

Taking as true, for the sake of argument, Centennial's claim that it was unaware of Attorney O'Rourke's death, and therefore unaware that the Lien was not being extended or foreclosed by Attorney O'Rourke, Centennial was nevertheless indisputably aware that something was amiss when it was *personally served* on November 1, 2023 with 170 West End's petition seeking to extinguish the Lien. This is not a situation where Centennial's deceased counsel was served and Centennial was unaware of the Court proceedings. Centennial was further unquestionably aware that it needed to file opposition to Centennial's petition to extinguish the Lien by November 22, 2023, and appear in Court on November 30, 2024. Nevertheless, Centennial failed to appear, oppose or cross-move to extend the Lien.

There is no evidence of communication by Centennial to Attorney O'Rourke after being served with 170 West End's petition, such as unanswered emails, or any other efforts to ensure O'Rourke opposed 170 West End's petition. Conspicuously absent from Centennial's affidavit is any indication that it ever attempted to notify Attorney O'Rourke of Centennials' petition. While Centennial does not yet have access to its file from Attorney O'Rourke, presumably Centennial would have access to its own communications it sent to her regarding the petition it personally

---

[2] Centennial incorrectly cites Federal Rule of Civil Procedure 55 in support of vacating its default; CPLR governs this relief in this Court. While vacatur of a default is available under CPLR 317 and 5015, CPLR 317 is not applicable here where Respondent's agent was personally served. Thus, the Court deems the motion to be brought under CPLR 5015.

**160333/2023   170 WEST END AVENUE OWNERS CORP. ON BEHALF OF 170 WEST END AVENUE CONDOMINIUM AT LINCOLN TOWERS vs. CENTENNIAL ELEVATOR INDUSTRIES, INC.**
**Motion No.  001 002**

**Page 3 of 6**

received, and could have provided this communication in support of its claim that it "acted promptly".

Additionally, Centennial has General Counsel, who initially filed the Lien, and who could have appeared on the return date – if only to advise that Centennial had retained Attorney O'Rourke, that O'Rourke was not responding to Centennial's communication, and to seek an adjournment to communicate with O'Rourke or locate new counsel. Centennial has not provided any details regarding the purported substitution of its General Counsel by Attorney O'Rourke, which might provide an excuse for why General Counsel did not take any action to avoid default on the petition. Instead, the record shows that upon being served with the petition, Centennial did nothing.

Accordingly, Centennial failed to provide an acceptable excuse for its default, and it is unnecessary to consider whether it has established a meritorious defense (*Fernandez v Santos*, 161 AD3d 473 [1st Dept 2018]; *Matter of Pizzarotti LLC v New York Concrete Washout Sys., Inc.*, 210 AD3d 445 [1st Dept 2022]).

## **The Petition to Extinguish the Lien is Granted**

As no stay of this proceeding is warranted under CPLR 321(c), and Centennial is not entitled to vacatur of its default, the Court turns to the merits of 170 West End's petition to extinguish the Lien and return its Bond.[3]

Pursuant to Lien Law § 17, a lien is effective for one year unless an extension is filed with the county clerk, or a foreclosure proceeding is initiated. Where the lienor fails to foreclose on the lien or otherwise extend it, the lien expires as a matter of law (*Noce v Kaufman*, 2 NY2d 347 [1957]; *Matter of Malafsky v Becker*, 255 AD 444 [1st Dept 1938]; *Aztec Window & Door Mfg., Inc. v 71 Village Road, LLC*, 60 AD3d 795 [2d Dept 2009] [failure to move to extend lien within 1-year period is fatal, mechanic's lien expires as a matter of law pursuant to Lien Law § 17]; *Matter of Flintlock Realty & Constr. Corp.*, 188 AD2d 532 [2d Dept 1992] [same]).

Notwithstanding that Lien Law § 23 provides that the Lien Law is to be liberally construed in favor of the lienor's interests when the lienor has substantially complied with the Lien Law, the lienor must nevertheless commence an action to foreclose the lien or receive an extension of the lien by court order within the one-year period prescribed in lien Law § 17 (*Noce v Kaufman*, 2 NY2d at 351 [lien lapsed due to failure to file notice of pendency within one year]; *Matter of Pizzarotti LLC v New York Concrete Washout Sys., Inc.*, 210 AD3d 445 [notice of pendency or application to extend lien required within one year]; *240-35 Assoc. v Major Bldrs. Corp.*, 234 AD2d 234 [1st Dept 1996] [lien which expired one week before foreclosure action could not be enforced]). Stated differently, Lien Law § 17's requirement that an extension or foreclosure be brought within one year is not a technical direction which can be cured by

---

[3] Centennial's opposition to the petition (NYSCEF Doc. No. 20) is untimely, having been filed more than a month after the November 22, 2023 deadline, and without reasonable excuse for default. Accordingly, it has not been considered here. The prior jurist declined that portion of Centennial's motion seeking to stay its time to oppose 170 West End's petition as moot, given that 170 West End's petition was fully submitted without opposition at the time the stay request was made (NYSCEF Doc. No 18). In any event, were the Court to consider Centennial's opposition, its decision would be unchanged.

**160333/2023   170 WEST END AVENUE OWNERS CORP. ON BEHALF OF 170 WEST END AVENUE CONDOMINIUM AT LINCOLN TOWERS vs. CENTENNIAL ELEVATOR INDUSTRIES, INC.**
**Motion No.  001 002**

**Page 4 of 6**

4 of 6

[* 4]

substantial compliance with other provisions, pursuant to Lien Law § 23 (*Walker v Buffalo Elec. Const., Inc.*, 83 AD2d 768 [4th Dept 1981] *citing White v McLean & Sons, Inc.*, 235 AD 342 [4th Dept 1932]; *see also Hi-Tech Bridging, Inc v 125th St. Equities, Inc.*, 134 AD3d 438 [1st Dept 2015] [expired Lien Law § 17 notice of pendency a "nullity" which "cannot be revived"]). Irrespective of the expiration of a lien as a matter of law, the lienee may nevertheless move to extinguish the lien.

While Lien Law § 59 "affords Supreme Court the discretion to consider the equities of the situation" when reviewing a motion to extinguish or discharge a lien (*Matter of Kushaqua Estates Inc. v Bonded Concrete Inc.*, 215 AD2d 993 [3d Dept 1995]; *S A F La Sala Corp. v S & H 88th St. Assoc.*, 138 AD2d 241, 242 [1st Dept 1988] ["decision to cancel a lien undertaking pursuant to Lien Law § 59 for failure to timely commence a lien foreclosure proceeding rests with the sound discretion of the court"]), it is "a provident exercise of the court's discretion to vacate and cancel respondent's mechanic's lien [where] respondent failed to commence an action to enforce the lien, as prescribed by Lien Law § 59" (*Matter of Mr. White, LLC v Pink Shirt Constr., Inc.*, 170 AD3d 550 [1st Dept 2019]).

Here, it is undisputed that Centennial did not timely move to extend the Lien or foreclose on it. Nor did Centennial cross-move or appear in opposition to 170 West End's petition to extinguish the Lien. Accordingly, the Lien expired as a matter of law and vacatur of same is appropriate.

To the extent that Centennial now seeks to extend its time to foreclose on the Lien, the Lien cannot be extended after its expiration (*Aztec Window & Door Mfg., Inc. v 71 Village Road, LLC*, 60 AD3d at 795 [failure to timely extend lien requires discharge]; *MCK Bldg. Assoc. v St. Lawrence Univ.*, 5 AD3d at 913 [3d Dept 2004] [same]).

This decision is without prejudice to recovery under contract or other viable theories by plenary action (*see e.g. South Carolina Steel Corp. v Miller*, 170 AD2d 592, 594 [2d Dept 1991] [remedies under lien law do not preclude recovery under a contract's terms]).

Accordingly, it is

**ORDERED** that NYSCEF Doc. Nos. 15 and 24, the death certificate of Attorney O'Rourke, shall be sealed from public access and shall be accessible only to the Court and its personnel, counsel, and the parties; and it is further

**ORDERED** that Centennial's motion for a stay, pursuant to CPLR 321(c), of this proceeding; to permit substitution of counsel herein; for an order directing turnover of its client file; to vacate its default in opposing the petition; and for additional time to file a notice of pendency and foreclose on its Lien, is denied, and the temporary stay contained in the court's January 5, 2024 Order (NYSCEF Doc. No. 18) is vacated; and it is further

**ORDERED** that the petition of 170 West End to extinguish the Lien and return of its Bond is granted in its entirety; and it is further

**160333/2023 170 WEST END AVENUE OWNERS CORP. ON BEHALF OF 170 WEST END AVENUE CONDOMINIUM AT LINCOLN TOWERS vs. CENTENNIAL ELEVATOR INDUSTRIES, INC.**
**Motion No. 001 002**
     Page 5 of 6

5 of 6

**ORDERED** that no later than November 29, 2024, 170 West End shall submit an order on notice to Centennial pursuant to 22 NYCRR 202.48, via NYSCEF with courtesy copy via email (dbcollin@nycourts.gov), for return/release of its surety.

_____
11/05/2024
DATE

_____
KATHLEEN WATERMAN-MARSHALL,
J.S.C.

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

160333/2023   170 WEST END AVENUE OWNERS CORP. ON BEHALF OF 170 WEST END AVENUE CONDOMINIUM AT LINCOLN TOWERS vs. CENTENNIAL ELEVATOR INDUSTRIES, INC.
Motion No.  001 002

Page 6 of 6

6 of 6

[* 6]