**Building at 575 Fifth Off. Owner LLC v Demar Plumbing Corp.**

2025 NY Slip Op 32912(U)

August 18, 2025

Supreme Court, New York County

Docket Number: Index No. 155070/2025

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. EMILY MORALES-MINERVA** | **PART** | **42M** |
| | *Justice* | | |

-----------------------------------------------------------------X

THE BUILDING AT 575 FIFTH OFFICE OWNER LLC

                          Petitioner,

               - v -

DEMAR PLUMBING CORP.,

                        Respondent.

-----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155070/2025 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 7, 8 were read on this motion to/for     DISCHARGE/CANCEL MECHANICS LIEN   .

APPEARANCES:

    Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY (Thomas Cantinella, Esq., of counsel), for petitioner.

EMILY MORALES-MINERVA, J.S.C.

    In this action, petitioner THE BUILDING AT 575 FIFTH OFFICE OWNER LLC moves, by petition and order to show cause (mot. seq. no. 001), to vacate, discharge, and cancel the mechanic's lien filed against it by respondent DEMAR PLUMBING CORP. on January 09, 2025. Respondent does not appear or submit opposition.

    For the reasons set forth below, the motion, by order to show cause, is denied, and the petition is dismissed, without prejudice.

**155070/2025**   THE BUILDING AT 575 FIFTH OFFICE OWNER LLC vs. DEMAR PLUMBING CORP.     **Page 1 of 8**
Motion No.  001

1 of 8

INDEX NO. 155070/2025
RECEIVED NYSCEF: 08/19/2025

## BACKGROUND

Petitioner THE BUILDING AT 575 FIFTH OFFICE OWNER LLC is the owner of the premises located at 575 Fifth Avenue, Unit A, New York, New York (premises) (see NYSCEF Doc. No. 001, Petition).  On January 13, 2025, respondent DEMAR PLUMBING CORP., filed a mechanic's lien with the New York County Clerk's Office against petitioner and the premises in the amount of $18,359.00 (see NYSCEF Doc. No. 002, Notice Under Mechanic's Lien Law, dated January 13, 2025).  The lien indicates that it is based on sprinkler installation services respondent performed at the premises from August 07, 2023, through September 01, 2024, wherein a balance of $18,359.00 remained (see id.).

Further, the lien provides that the "name and residence of the lienor is DEMAR PLUMBING CORP. [respondent], 147 ATTORNEY STREET NEW YORK, NY 10002" (id. [emphasis in original]).  The lien is signed by President of respondent, Alessandro Demarinis (Demarinis) (id.).

On April 14, 2025, petitioner served a notice upon respondent pursuant to Lien Law § 59 (see NYSCEF Doc. No. 003, Notice to Commence Action or Show Cause pursuant to Lien Law § 59, dated April 14, 2025).  Pursuant to said notice, petitioner demanded that respondent commence an action to enforce and foreclose on the lien within thirty days of service of the

notice, or, in the event respondent did not commence such an action, petitioner would seek to vacate the lien (notice to commence) (see id.). According to the affidavit of service, the notice to commence was served on respondent on April 14, 2025, at 3:08 P.M. at 147 Attorney Street, New York, New York 10002, upon "Alan Szeti", and states:

> "Deponent knew said entity to be the corporation/partnership/trust/LLC/agency/ P.C./banking institution/insurance company/agency described in said aforementioned document as said [respondent] and knew said individual to be Associate/Authorized person thereof, authorized to accept service on behalf"

(id., Affidavit of Service).

Now, petitioner moves, by petition and order to show cause (mot. seq. no. 001), to vacate, discharge, and cancel the mechanic's lien (see NYSCEF Doc. No. 001, Petition, and Doc. No. 004, Affirmation in Support, also dated April 17, both dated April 17, 2025). Petitioner argues that respondent was served with the notice to commence pursuant to Lien Law § 59 on April 14, 2025, and "on May 14, 2025, respondent's time to comply with Lien Law § 59 and the Notice to Commence will have expired, requiring that the Lien be vacated, cancelled, and discharged of record" (id.).[1]

---

[1] The court notes that at the time petitioner filed the instant application, respondent's time to comply had not yet expired (see NYSCEF Doc. No. 001, Petition).

[* 3]

In support of its petition and order to show cause, petitioner submits the following exhibits: the (1) mechanic's lien, dated January 13, 2025 (NYSCEF Doc. No. 002); the (2) Notice to Commence Action and accompanying affidavit of service, dated April 14, 2025 (NYSCEF Doc. No. 003); and the (3) Affirmation of counsel for petitioner, Thomas A. Catinella, Esq. (NYSCEF Doc. No. 004).

Respondent does not appear or oppose the application.

ANALYSIS

Section 59 of the Lien Law provides:

> "A mechanic's lien notice of which has been filed on real property or a bond given to discharge the same may be vacated and cancelled or a deposit made to discharge a lien pursuant to section 20 may be returned, by an order of a court of record. Before such order shall be granted, a notice shall be served upon the lienor, either personally or by leaving it [at] his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor. Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service, or show cause at a special term of a court of record, or at a county court, in a county in which the property is situated, at a time and place specified therein, why the notice of lien filed or the bond given should not be vacated and cancelled, or the deposit returned, as the case may be. Proof of such service and that the lienor has not commenced the action to

**155070/2025   THE BUILDING AT 575 FIFTH OFFICE OWNER LLC vs. DEMAR PLUMBING CORP.**          **Page 4 of 8**
**Motion No.  001**

4 of 8

> foreclose such lien, as directed in the
> notice, shall be made by affidavit, at the
> time of applying for such order"

(Lien Law § 59 [emphasis added]).

The provision regarding service of the notice must be strictly followed (see In re Eastchester Church, Inc., 44 Misc3d 653, 654 [Sup Ct Bx Cnty 2014][holding that "the service of notice provision in the Lien Law must be strictly followed"]; see also Apollo Const. & Dev., Inc. v Mazza, 13 Misc3d 1 [App Term 2006]). The decision of whether to vacate the lien rests in the discretion of the court, and depends on the facts of the case (Matter of Kushaqua Estates, Inc. v Bonded Concrete, Inc., 215 AD2d 993 [3d Dept 1995])

Here, petitioner's application to vacate, discharge, and cancel the mechanic's lien must fail. The affidavit of service of the notice to commence indicates that it was served upon Alan Szeti, as an "associate/authorized person" of respondent (NYSCEF. Doc. No. 003, Affidavit of Service). Moreover, Alan Szeti stated that he was "authorized to accept service on behalf of [respondent]" (id.). However, this method of service, presumably pursuant to CPLR § 311 (a)(1),[2] is not authorized by Lien Law § 59 (see 141 Chrystie Street Corp. v Fine Line Mic Corp., 2016 NY Slip Op 32363[U] [Sup Ct NY Cnty 2016][holding that CPLR § 311 does not

---

[2] CPLR § 311 provides, as pertinent here, "(a) Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

155070/2025   THE BUILDING AT 575 FIFTH OFFICE OWNER LLC vs. DEMAR PLUMBING CORP.          Page 5 of 8
Motion No. 001

5 of 8

[* 5]

apply to Lien Law § 59, and affixing the notice to commence to the door of respondent's residence, which was identified in the lien as "133 Chrystie Street New York NY 10002", followed by regular mail to the same address, is an improper method of service]; <u>see also</u> <u>B.A.C.C. Builders Inc. v GMX New York, Inc.</u>, 2018 WL 610679 [Sup Ct NY Cnty 2018][finding that service of the notice to commence on the Secretary of State pursuant to BCL § 306 is not authorized by Lien Law § 59]).

Instead, the statute makes clear that service of the notice to commence can be made in one of two ways: (1) personally, or (2) by leaving it at the lienor's last known place of residence, with a person of suitable age, with directions to deliver it to the lienor (<u>see</u> Lien Law § 59).   Here, the notice to commence must have been served either on Demarinis personally, or left with a person of suitable age at the respondent's last known place of residence -- 147 Attorney Street New York, New York[3] -- with directions to deliver it to Demarinis (<u>see</u> <u>Apollo Const. & Dev., Inc</u>, 13 Misc3d at *3 [holding that service of the notice to commence was properly made, where notice was left with a person of suitable age at the residence of the officer of the corporation, whose offices were located in the same premises]).   Although

---

[3] The residence, for purposes of section 59 of the Lien Law, is the address identified by the lienor in the lien (<u>see</u> <u>141 Chrystie Street Corp.</u>, 2016 NY Slip Op 32363[U], *3).  Here, the address identified by respondent in the subject lien is 147 Attorney Street, New York, New York; therefore, that is respondent's residence (<u>see</u> NYSCEF Doc. No. 002, Notice Under Mechanic's Lien Law, dated January 13, 2025).

**155070/2025   THE BUILDING AT 575 FIFTH OFFICE OWNER LLC vs. DEMAR PLUMBING CORP.          Page 6 of 8**
**Motion No.  001**

6 of 8

[* 6]

petitioner served the notice to commence upon Alan Szeti, a person of suitable age, at respondent's last known residence, there is no indication that the process server instructed Alan Szeti to deliver the notice to commence to Demarinis.

Notwithstanding the lack of proper service, the application is also premature. The lien law is clear that before a mechanic's lien may be discharged by order of a court, a notice to commence must be served on the lienor, requiring the lienor to commence an action to enforce the lien within, at a minimum, thirty days from the time of service of the notice (see Lien Law § 59). At the time of petitioner's application for an order to discharge the mechanic's lien, petitioner, by affidavit, must affirm that the lienor has not commenced an action to foreclose upon such lien within the time frame specified in the notice to commence (see id.).

Here, respondent was required to commence the requisite action within 30 days of April 14, 2025 (see NYSCEF Doc. No. 003, Notice to Commence and Affidavit of Service, both dated April 14, 2025). Despite this, petitioner commenced the instant action on April 17, 2025, which is twenty-seven days too soon. Therefore, the court denies petitioner's motion, by order to show cause, to vacate the mechanic's lien, as petitioner has not followed the proper procedures for vacating a mechanic's lien set forth under Lien Law § 59.

155070/2025   THE BUILDING AT 575 FIFTH OFFICE OWNER LLC vs. DEMAR PLUMBING CORP.          Page 7 of 8
Motion No.  001

7 of 8

[* 7]

Accordingly, it is hereby

ORDERED that petitioner's THE BUILDING AT 575 FIFTH OFFICE OWNER LLC's motion, by order to show cause (mot. seq. no. 001), is denied, without prejudice; it is further

ORDERED that the petition is dismissed, as premature, also without prejudice; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

| 8/18/2025 | | | |
|-----------|---|---|---|
| **DATE** | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | **X** CASE DISPOSED | **X** DENIED NON-FINAL DISPOSITION | |
|------------|---------------------|------------------------------------|---|
| | GRANTED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE |

155070/2025   THE BUILDING AT 575 FIFTH OFFICE OWNER LLC vs. DEMAR PLUMBING CORP.        Page 8 of 8
Motion No.  001

8 of 8