| |
|---|
| **Lex 54 Condominium v Eltech Indus., Inc.** |
| 2025 NY Slip Op 32901(U) |
| August 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151902/2025 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. EMILY MORALES-MINERVA

*Justice*

PART   42M

-------------------------------------------------------------------X

THE LEX 54 CONDOMINIUM, BY ITS BOARD OF MANAGERS,

Petitioner,

- v -

ELTECH INDUSTRIES, INC., UNITEC ELEVATOR COMPANY, AMERICAN ELEVATOR GROUP

Respondents.

-------------------------------------------------------------------X

INDEX NO.   151902/2025

MOTION DATE   05/25/2025

MOTION SEQ. NO.   001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 7 were read on this motion to/for   DISCHARGE/CANCEL MECHANICS LIEN   .

APPEARANCES:

Rukab Brash LLC, New York, NY (Lindsay Anne Alfano, Esq., of counsel), for petitioner.

EMILY MORALES-MINERVA, J.S.C.

In this action, petitioner THE LEX 54 CONDOMINIUM, by its Board of Managers, moves, by petition and order to show cause (mot. seq. no. 001), to vacate, discharge, and cancel the mechanic's lien filed against it by respondent ELTECH INDUSTRIES, INC.[1] Respondents do not appear or submit opposition.

For the reasons set forth below, the motion, by order to show cause, is denied, and the petition is dismissed.

---

[1] Petitioner alleges that, "upon information and belief, respondents Unitec Elevator Company and American Elevator Group are successors to Eltech" (NYSCEF Doc. No. 004, Memorandum in Support). However, petitioner does not submit documentary evidence, or any other proof thereof, to support this allegation.

**151902/2025   THE LEX 54 CONDOMINIUM, BY ITS BOARD OF MANAGERS vs. ELTECH INDUSTRIES, INC. ET AL**
**Motion No. 001**

## BACKGROUND

Petitioner THE LEX CONDOMINIUM is a condominium association located at 135 East 54th Street, New York, New York (premises) (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 001, Petition). On May 24, 2023, respondent ELTECH INDUSTRIES, INC. (Eltech) filed a mechanic's lien with the New York County Clerk's Office against petitioner and the premises in the amount of $32,808.00 (see NYSCEF Doc. No. 002, Notice Under Mechanic's Lien law, dated May 24, 2023). The lien indicates that it is based on elevator modernization and maintenance services Eltech performed at the premises from May 05, 2021, through December 21, 2022, wherein a balance of $32,808.00 remained (see id.).

Now, petitioner moves, by petition and order to show cause (mot. seq. no. 001), to "terminate, vacate, cancel and discharge" the mechanic's lien filed by Eltech on May 24, 2023, on the basis that Eltech failed to timely commence an action to foreclose the lien or obtain an order extending the time to foreclose the same (see NYSCEF Doc. No. 004, Memorandum of Law in Support). Petitioner also requests attorneys' fees and costs in bringing the instant action (id.).

**151902/2025 THE LEX 54 CONDOMINIUM, BY ITS BOARD OF MANAGERS vs. ELTECH INDUSTRIES, INC. ET AL**
**Motion No. 001**

**Page 2 of 5**

2 of 5

[* 2]

ANALYSIS

Pursuant to Lien Law § 17,[2] a mechanic's lien expires by operation of law one year after filing unless it is extended by court order or an action to foreclose the lien is commenced within that time, and a notice of pendency is filed in connection therewith (see Lien Law § 17; see also MCK Building Assoc., Inc. v St. Lawrence Univ., 5 AD3d 911, 912 [3d Dept 2004][holding that "mechanic's lien expired as a matter of law, and plaintiff can no longer maintain a cause of action for foreclosure"]; Z&Z NYC Corp. v UCON Corp., 2010 WL 11489093 [Sup Ct NY Cnty 2010][finding that "a notice of lien expires by operation of law [] where the lienor neither seeks to extend the lien nor commences a foreclosure action"], citing Malafsky v Becker, 255 AD 444 [1st Dept 1938]).

Here, more than one year has elapsed since the lien's filing, and the lien was not extended by court order or foreclosed upon. Therefore, the mechanic's lien filed by Eltech on May 24, 2023, automatically expired on May 24, 2024 (see

---

[2] Section 17 of the Lien Law provides, as pertinent here "No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed, unless within that time an action is commenced to foreclose the lien, and a notice of the pendency of such action, whether in a court of record or in a court not of record, is filed with the county clerk of the county in which the notice of lien is filed, containing the names of the parties to the action, the object of the action, a brief description of the real property affected thereby, and the time of filing the notice of lien; or unless an extension to such lien, except for a lien on real property improved or to be improved with a single family dwelling, is filed with the county clerk of the county in which the notice of lien is filed within one year from the filing of the original notice of lien, continuing such lien and such lien shall be redocketed as of the date of filing such extension" (emphasis added).

**151902/2025 THE LEX 54 CONDOMINIUM, BY ITS BOARD OF MANAGERS vs. ELTECH INDUSTRIES, INC. ET AL**
Motion No. 001

**Page 3 of 5**

Pizzarotti, LLC v New York Concrete Washout Sys., Inc., 210 AD3d 445, 446 [1st Dept 2022]).  Because the lien expired by operation of law on May 24 2024, the court need not terminate, cancel, vacate or discharge it (see Gallo Brothers Constr. Inc, v Peccolo, 281 AD2d 811, 813 [3d Dept 2001][for the proposition that "the lien itself expires by operation of law"]; Christopulos v Christopulos, 207 AD3d 698, 698-99 [2d Dept 2022][for the same]).

With respect to petitioner's application for attorneys' fees and costs in bringing the instant action, petitioner provides no case law or other authority to support this request (see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004][holding that "a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement, or court rule"]).

Accordingly, it is hereby

ORDERED that petitioner's motion, by order to show cause (mot. seq. no. 001), is denied; it is further

ORDERED that the petition is dismissed; and it is further

ORDERED that the Clerk of Court shall mark the file accordingly.

| 8/19/2025 | | EMILY MORALES-MINERVA, J.S.C. |
|-----------|---|-------------------------------|
| DATE | | |

CHECK ONE:

| | | |
|---|---|---|
| [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION |
| [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |

**151902/2025   THE LEX 54 CONDOMINIUM, BY ITS BOARD OF MANAGERS vs. ELTECH INDUSTRIES, INC. ET AL**
**Motion No. 001**

Page 4 of 5